WILLIAM E. T. SMITH et al., Respondents, *v.* LYDIA S. FLOYD, Appellant.

S. died, leaving a will by which he gave his personal estate, after payment of certain bequests, to his daughter, with a provision that if it did not amount to a sum named his executors should sell enough of his other property to make up that amount, which legacy he desired her to keep for the benefit of her children.    All of his real estate he devised to his son during life, "with the right and privilege of disposing of the same by will or devise to his children, if any he should have."    In case the son died without children, the testator gave said real estate to the children of his daughter.    The son died without having exercised the power given him to devise the property, and leaving children who were *in esse* at the time of the execution of the will.    In an action for the construction of the same,. *held*, that the authority so given to the son was a valid trust power (1 R. S. 678, § 95); that such power was imperative (§ 96); that equity will regard that as done which the trustee should have done, and so, his children, the beneficiaries of the power, took the land in equal shares.

(Argued November 27, 1893; decided December 12, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 11, 1893, which affirmed an order of

Special Term overruling a demurrer interposed to the amended complaint and affirmed an interlocutory judgment in favor of plaintiffs.

This action was brought for the construction of the will of William Smith, deceased.

The provisions of the will in question and the facts, so far as material, are stated in the opinion.

*James C. Carter* for appellant. The interpretation insisted upon by the respondents, and which has received the sanction of the courts below, that the testator intended that the real property mentioned in his will should, in any event, immediately upon the death of his son, Egbert T. Smith, to whom he had given an estate for life therein, go to the children of Egbert T. Smith, as tenants in common in fee, is clearly erroneous. (2 R. S. chap. 1, §§ 98, 99; 1 Jarman on Wills [5th Am. ed.], 395; *In re Adams*, L. R. [24 Ch. Div.] 199; 27 id. 394; *Massorie Bank* v. *Raynor*, L. R. [7 App. Cas.] 321; *In re Ruggles*, L. R. [39 Ch. Div.] 253; *Campbell* v. *Beaumont*, 91 N. Y. 464; Lewin on Trusts, 693; Perry on Trusts, §§ 249, 252.) The second proposition which the respondents have sought to establish is that even if the power is not to be deemed an imperative one, and consequently no express gift of the remainder is to be made to the children of Egbert T. Smith, yet, taking the whole will together, there is an implied devise of it to them. This proposition is equally erroneous. (*In re Powers*, 113 N. Y. 569; *Addison* v. *Bush*, 14 Beav. 459; *Ex parte Rogers*, 2 Madd. 449; *Neighbour* v. *Thurlow*, 28 Beav. 33; *Andree* v. *Ward*, 1 Russ. 260; *Greene* v. *Ward*, Id. 262; *Bunelagh* v. *Bunelagh*, 14 Beav. 200; *Cooper* v. *Pitcher*, 4 Wend. 485; 2 Redf. on Wills, 202.)

*Wilmot W. Smith* and *Clarence G. T. Smith* for respondents. Plaintiffs were entitled to the relief given them by the court under their general prayer for judgment. (Story's Eq. Pl. § 42; *Hurd* v. *Mill*, 13 Ves. 119; *Bailey* v. *Bradden*, 8 Wend. 339–344; *Pinnock* v. *Ella*, Id. 139–142.) A devise

of real estate for life to a son with the right and privilege of disposal of the same by will to his children is a special power in trust. (*Dominick* v. *Sayre*, 3 Sandf. 555, 559; *Delaney* v. *McCormack*, 88 N. Y. 174, 181; *Crooke* v. *County of Kings*, 97 id. 421; *City of Portsmouth* v. *Shackford*, 46 N. H. 423; *Austin* v. *Oakes*, 117 N. Y. 577; *Read* v. *Williams*, 125 id. 560; *Hoey* v. *Kenny*, 25 Barb. 396.) The question of intent is the controlling one in the construction of wills and overrides all others. (1 R. S. 748, § 2; *Phillips* v. *Davies*, 92 N. Y. 199; *Hutton* v. *Benkard*, Id. 295; *Wager* v. *Wager*, 96 id. 164; *Ludlow* v. *Van Ness*, 8 Bosw. 190; *Hone* v. *Kent*, 11 Barb. 315; *Pond* v. *Bergh*, 10 Paige, 152; *Meredith* v. *Henege*, 1 Sim. 550; *Williams* v. *Williams*, 1 Sim. [N. S.] 358; *Wall* v. *Longlands*, 14 East, 370.) A gift over, in case the donee of the power dies without children, is decisive of the intent of the testator that if the donee of the power dies leaving children they are to have the property. (2 Sugden on Powers, 167; 3 Jarman on Wills [5th Am. ed.], 529, § 3; 2 id. 551; *Butler* v. *Gray*, L. R. [5 Ch. App.] 30.) The special power in trust created by the testator in his will was imperative and imposed a duty upon the donee, which did not rest in his discretion, and which duty, in the case of its non-performance by him, a court of equity will enforce. (*Dominick* v. *Sayre*, 3 Sandf. 555.) There was a gift and devise to plaintiffs by implication. (*Bates* v. *Hillman*, 43 Barb. 645; *Thomas* v. *Snyder*, 43 Hun, 14; *Lyman* v. *Lyman*, 22 id. 263; *Rathbone* v. *Dyckman*, 3 Paige, 9; *Baker* v. *Lorillard*, 4 N. Y. 257; *Vernon* v. *Vernon*, 53 id. 351; *Provoost* v. *Cuyler*, 62 id. 545; *Byrnes* v. *Baer*, 86 id. 210–218; *Schult* v. *Moll*, 132 id. 122–127; 1 Jarman on Wills, 551; *Butler* v. *Gray*, L. R. [5 Ch. App.] 26; *Areson* v. *Areson*, 3 Den. 450; *Ramsay* v. *De Runer*, 65 Hun, 212; 1 Jarman on Wills, 133; *Masterson* v. *Townshend*, 123 N. Y. 462; *Goodright* v. *Hoskins*, 9 East, 306; *Jackson* v. *Billinger*, 18 Johns. 368; *In re Vowers*, 113 N. Y. 569; *Whitney* v. *Whitney*, 63 Hun, 59; *In re Brown*, 98 N. Y. 295; Schouler on Wills, § 561; *Sturges* v. *Cargill*, 1 Sandf. Ch. 318.)

Courts avoid such construction of wills as would lead to intestacy. (2 Redf. on Wills, 442; *Lyman* v. *Lyman*, 22 Hun, 263; *Thomas* v. *Snyder*, 43 id. 14; *Vernon* v. *Vernon*, 53 N. Y. 351–361; *Provoost* v. *Cuyler*, 62 id. 545; *Byrnes* v. *Baer*, 86 id. 210–218; *Schult* v. *Moll*, 132 id. 122.)

MAYNARD, J. By a will made December 27, 1852, the testator, William Smith, gave his entire real estate to his only son, Egbert T. Smith, during life, adding the following provision: " With the right and privilege of disposing of the same by will or devise to his children, if any he should have, and in case he should die without leaving any children, lawfully begotten, then and in that case I give and devise the same to the children of my daughter Lydia, to them, their heirs and assigns forever."

The plaintiffs are the children of the son, and while the date of their birth is not very material, it appears from the appellant's brief that they were *in esse* at the time of the execution of the will. The testator died in 1857, and the son in 1889, without having exercised the power given him to devise the real property to his children. The appellant is the only daughter of the testator, and claims that by the failure of the son to execute the power the testator died intestate as to his real property, and that an equal undivided half of it has become vested in her as one of his heirs at law; and the validity of her claim is the sole question involved in this appeal. It is not disputed that the authority given to the son to dispose of the estate in remainder to his children constituted a valid trust power. It would have been so regarded under the equitable rules controlling the enforcement of powers, before the adoption of the revised statutes; and it fulfills with exactness the definition of a special power in trust embodied in section 95 of the article on powers. (4 R. S. [8th ed.] pp. 2447–8.) But the donee of the power died without executing it, and it thus becomes important to determine whether the execution of it was imperative or only discretionary. If the former, equity will regard that as done which the trustee should have done,

and the beneficiaries of the power will take the land in equal shares; if the latter, they acquired no vested right to the property under the provisions of the will. Here, again, the statute comes to our aid, and by pointing out the essential quality of an imperative power leaves but little room for judicial construction. Section 96 declares that "Every trust power, unless its execution or non-execution is made expressly to depend on the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled in equity, for the benefit of the parties interested." All the conditions required to establish an imperative trust power are here presented. Authority to dispose of the property was concededly granted. The beneficiaries were distinctly designated, and there was no express declaration or provision in the grant confiding the execution of the power to the discretion of the donee. The imperative nature of the trust is not destroyed, because the language creating the power is permissive. If the disposing power is given, and it is not coupled with words which expressly, or by necessary implication, make the donee the final arbiter of its exercise, its execution must be decreed. Some positive expression of an intention to make the ultimate conveyance of the property depend upon the volition of the trustee must be found, or there must be annexed to the power some qualification plainly indicating that the donor has substituted the judgment of the donee for his own, for the purpose of determining whether the authorized disposition shall eventually be made.

The eminent counsel for the appellant, however, contends that by the language employed in the creation of the power, the testator has expressly declared, or at least clearly indicated, that its execution or non-execution was to be dependent upon the will of the donee. It is insisted that the words "right" and "privilege" necessarily import a discretion. Such may be their signification generally, but not when used for the purpose of creating a trust power. If the testator had said that he authorized and empowered his son to devise the property to his children, it cannot be doubted that an imperative trust

power would have been created; but to hold that the power is only discretionary, because he gave him the right and privilege to so dispose of it, would be to introduce a distinction which the difference in the form of expression does not warrant. The words are not the same, it is true, but their legal effect is. The right to do an act is the possession of the highest authority, and a privilege is a right or power specially conferred. In both cases, full and unrestricted authority is given to dispose of the testator's property for the benefit of others, and from the earliest times this has been deemed sufficient to impress the power with a trust which imposes upon the donee the duty of executing it.

There are forcible reasons why testamentary powers should be so construed. They are a part of the final act of the owner in ordering a distribution of his estate, which is not to be effectual until after his death. The testator's wish is his will, and expressions, which, in other instruments, might not be regarded as a command, are, under such circumstances, obligatory. As was said by the learned judge who wrote in *Dominick* v. *Sayre* (3 Sand. 555), and who was one of the framers of the statute under consideration : "Words of mere authority have the same efficacy in creating a trust as a positive direction. The words, in their ordinary acceptation, may be discretionary, but in a court of equity are mandatory." In all such cases, the permission imports a power; the power implies a trust; and the trust imposes a duty. It is analogous to the rule of construction which has been applied where the legislature has by statute declared that a public officer "may" do an act, which, if done, will result in a benefit to an individual or to the public. The authority thus conferred is mandatory and its exercise can be compelled, although the language is in form permissive and not imperative.

But it is objected that in this view of the rights of the grandchildren, no good reason can be shown why the testator should have created the power at all, as the property must go to them in equal shares, whether it was executed or not. It is suggested that a direct devise of the remainder to the chil-

dren who might survive the son would have been a simpler form of effecting the same result. This may be true, but it is not seen how it detracts from the force which must be given to the terms employed according to the well-settled rules of construction in this class of cases. It might not be difficult to indicate some points of difference between the two modes of disposing of the remainder, but whether they exist or not cannot be material. The testator had his choice of methods; and if he chose the indirect way we cannot refuse to follow it, although we may think that the same object might have been reached by a more direct and less obscure form of expressing his will.

The entire testamentary scheme is in harmony with this construction of the power given to the son. When its different provisions are considered, the conclusion cannot be avoided that the testator intended to give the remainder in the real estate to the son's children if he should leave any surviving him. There is no gift over of the remainder in case the life tenant failed to exercise the power, and there is a gift over in case he died without leaving children surviving him. This raises a very strong presumption that he intended the children, if there were any, should have the property upon the death of their father, which, in the absence of words expressly rebutting it, would ordinarily be deemed conclusive upon the question of the character of the power granted. There is, in addition, the legal inference against partial intestacy, which must have its due weight. The will assumes to deal with his entire estate, and the authorities are numerous that under such circumstances a construction of its provisions will not be adopted, which will leave a part of the property undisposed of, if, by any reasonable interpretation of its language, it can be avoided. It is also apparent that the distinctive feature of his scheme was a division of his estate between the son and the daughter and their respective families so that the one should take the realty and the other the personalty. After making suitable provision for his widow, and giving some unimportant specific legacies, he bequeaths his entire personal

estate to the daughter, and provides that, if it shall not amount to thirty thousand dollars, his executors shall sell so much of his other property as will be necessary to pay her the full amount, and adds, that he desires his daughter to keep the legacy for the benefit of her children. In like manner he sought to secure to his son's children the enjoyment of the real property after the death of the father, and we do not think that any inference can be justly drawn from the provisions of this will that the testator contemplated that any portion of it should in any event be diverted from them.

The judgment and order appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.