(69 App. Div. 251.)

KELLEY et al. v. HOGAN.

(Supreme Court, Appellate Division, First Department. February 14, 1902.)

1. SUBMISSION OF CONTROVERSY—REQUISITES.

A submission of a controversy on agreed facts must present a statement of a controversy actually existing between the parties, on the determination of which a judgment which the court would have jurisdiction to enter in an action brought to determine the controversy could be granted.

2. SAME—WILLS—CONSTRUCTION—ESTATE CONVEYED—NECESSARY PARTIES TO CONTROVERSY.

Testatrix's will gave real estate to her brother in trust for a third person during his absence in foreign parts, and to be delivered to the latter whenever he should so require; but in case he died in possession thereof, without disposing of it by will or deed, the brother was to hold it in trust for the benefit of a fourth party. The third person demanded and received possession of the property from the trustee, and died without having disposed of a portion thereof, survived by defendant, his only heir at law. *Held*, that the heirs of the testatrix were necessary parties to a submission of a controversy to determine to whom the property passed on the third person's death.

Submission of controversy by William J. Kelley, as substituted trustee under the will of Priscilla W. Pike, deceased, and another, against Sarah M. Hogan. Dismissed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Peter A. Sheil, for plaintiffs.

Arthur H. Wadick, for defendant.

INGRAHAM, J. The parties to this action have submitted what purports to be a case containing a statement of facts upon which there is submitted a controversy under sections 1279–1281 of the Code of Civil Procedure. There is no statement in the submission that there is a controversy between the parties which might be a subject of an action. We might surmise that the parties intended to ask the court the question whether the plaintiff Kelley, the substituted trustee under the last will and testament of Priscilla W. Pike, is entitled to the possession of this property during the continuance of the trust, or whether, under the will of Priscilla W. Pike, a fee vested in Sylvester M. Pike, which descended to the defendant, as his heir at law, but the fact that such a controversy between the parties exists is nowhere stated, nor does the submission ask that a judgment determining such a controversy be granted. A formal answer to the questions which the court is asked to decide would not necessarily result in a judgment which would determine the rights of the parties to this submission. We think that, before the court can be called upon to decide the questions presented upon such a submission, there must be presented a statement of a controversy actually existing between the parties, upon the determination of which a judgment that the court has jurisdiction to grant in an action brought to determine such a controversy can be granted. Section 1280 of the Code provides that upon the filing of such a submission the controversy becomes an action, and that each provision of law relating to a proceeding in an action applies to the subsequent proceedings therein, except as provided by section 1281. Under the last subdivision

of section 1281 the court is authorized, in case the statement of facts is not sufficient to enable the court to render judgment, to permit the parties to file an additional statement; and that course might be adopted in this case, were it not for the fact that the heirs at law of Priscilla W. Pike are not parties to the submission, and their presence is necessary to enable the court to grant any judgment.

Priscilla W. Pike died owning a fee in a certain parcel of land described, which she disposed of by the following provisions of her will:

First. "I give and bequeath to my brother Calvin Pike, in trust, all my real estate," which is there described. Second. "The said Calvin Pike is to take the said property in trust for the benefit of Sylvester M. Pike during his absence in foreign parts, and is to deliver up to him the entire possession and control thereof whenever the said Sylvester shall require him to do so; but in case my brother Sylvester should not survive me, or in case he should not claim of my said trustee the said property, or in case he should die in the possession of it, without disposing of the same by will or deed, then my said trustee is to hold the said property in trust under this will for the benefit of my relative Ralph W. Maverick, now a minor, to be applied by said trustee for the maintenance of said Ralph, and for his education, and to fit him for some useful occupation."

Sylvester M. Pike returned from "foreign parts," and demanded from the trustee the "entire possession and control" of the property mentioned in the first paragraph of the will; and in pursuance of such demand, and to carry into effect the provisions of such will, the said Calvin Pike, as trustee, executed an instrument which, after reciting the will, and the return of and the demand by the said Sylvester M. Pike, provided:

"Now, therefore, be it known to all whom it may concern that I, Calvin Pike, named in said will as trustee aforesaid, for the purpose of carrying out the provisions of the said will as hereinbefore set forth according to the true intent and meaning thereof, and in consideration of the sum of one dollar to me paid, have surrendered, delivered, and given up, and do hereby surrender, deliver, and give up, to the said Sylvester M. Pike, full, entire, and complete possession, occupancy, and control of the property above described, and every part and parcel thereof, to be his absolutely and forever."

Sylvester M. Pike entered into possession of this property under this instrument, and subsequently sold a portion of the property, described in paragraph 1 of the will as "the place at Lake Grove, in the said town of Bookhaven." He died in the city of New York on the 21st day of January, 1896, without having disposed of that portion of the property described in the will as "lot No. 1266 and gore lots 16 and 116 at Wakefield, in the towns of Eastchester and Westchester, Westchester county, New York," leaving, him surviving, Sarah M. Hogan, the defendant, as his only heir at law and next of kin.

The real question presented under this will seems to be to whom, upon the death of Sylvester without having disposed of this property by will or deed, the property passed. It does not appear who were the heirs at law of the testatrix, and they were not made parties to this submission. If the devise to Sylvester was only a life estate, with power of disposition, then, upon the death of Sylvester without having disposed of the property either by will or deed, the property either passed to the trustee in trust for the benefit of Maverick, or

descended to the heirs at law ·of the testatrix. Before it can be determined whether the heirs at law have an interest in this property, either immediately upon the death of Sylvester, or upon Maverick arriving at the age of 21, or upon the death of Maverick, the heirs at law are entitled to be heard, and the question cannot be determined without their presence.

It follows, therefore, that the proceeding must be dismissed, without costs.

O'BRIEN and HATCH, JJ., concur.

VAN BRUNT, P. J. (concurring). The papers upon this alleged submission are so faulty that it does not seem to me that it deserves any consideration. There is no compliance whatever with the statute. No controversy between these parties is in any way stated. The proceeding should be dismissed, with costs against the plaintiffs.