(160 App. Div. 381)

## KONDOLF et al. v. BRITTON.

(Supreme Court, Appellate Division, Fourth Department. January 21, 1914.)

1. WILLS (§ 497*)—CONSTRUCTION—TESTAMENTARY TRUST—"CHILDREN."

The word "children" does not include "grandchildren," as used in a will devising the estate in trust to continue testator's business and pay to the widow a certain sum during the minority of all of the children, to render an accounting when the children attained their majority, and distribute two-thirds of the estate among the living children and the descendants of deceased children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086; Dec. Dig. § 497.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

2. TRUSTS (§ 11*)—PURPOSE—VALIDITY.

A will devised the estate in trust to continue testator's business and pay the widow $4,000 annually during the minority of all of the children, and, when the children attained majority, to account and distribute two-thirds of the estate among the living children and the descendants of deceased children, and invest the remainder and pay the income therefrom to the widow for life, and, upon her death, to distribute such remaining one-third among the children and their descendants. All of the children had attained their majority at testator's death. Held, that the attempted trust was invalid, not being authorized by Real Property Law (Laws 1909, c. 52 [Consol. Laws, c. 50]) § 96, permitting the creation of trusts for certain purposes.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

3. TRUSTS (§ 11*)—POWERS IN TRUST—PURPOSES.

Except that they must have a lawful purpose, the purposes of a power in trust are unlimited.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

4. TRUSTS (§ 257*)—ACTIONS—NECESSARY PARTIES.

Since, if a provision in a will, devising the estate to trustees, to continue testator's business and pay an annuity to the widow during the childrens' minority, and to account when they became of age, and distribute two-thirds of the estate among the children and their descendants, be deemed a valid power in trust, title to the realty descended to the children and their descendants subject to defeasance by exercise of such power, a judgment, decreeing specific performance of an agreement by the trustees to sell the trust property to defendant, will not be rendered upon an agreed statement of facts to which the children and their descendants were not parties.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 363–368; Dec. Dig. § 257.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Submitted controversy upon an agreed statement of facts by Teresa M. Kondolf and others, as executors, against Willis N. Britton. Action dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Charles B. Bechtold, of Rochester, for plaintiffs.
George A. Carnahan, of Rochester, for defendant.

LAMBERT, J. This is a submitted controversy, upon an agreed state of facts. The plaintiffs are the vendors and the defendant is the vendee, in a certain contract of purchase and sale of real property, wherein it is agreed by plaintiffs that they will convey unto defendant a good and marketable title to the premises involved. The conveyance tendered presents the sole controversy. Such deed is executed by plaintiffs, in their capacity as executors and trustees under the last will and testament of one, Mathias Kondolf, deceased; and it is urged that such conveyance is wholly ineffectual to transfer the title.

The determination of the controversy turns wholly upon the construction to be placed upon decedent's will, in connection with the stipulated facts. This will was made some years prior to testator's decease. It is voluminous, but is not complex in its general scheme. At the time it was made, testator's wife and 12 of his 14 children were living. Two children had died, one of such leaving one descendant and the other, two. Five of the children were then minors, as were the descendants of the deceased children.

In general outline, the scheme of the will is as follows: The entire estate is devised, in trust, to the executors, as trustees, for the purposes of the will. Such trustees are authorized to continue testator's business, and required to pay to the widow $4,000 per annum during the minority of all the children. When all such children attain their majority, then such trustees are required to go into court and render an accounting. Following the determination of the corpus of the estate in that manner, they are required to distribute two-thirds of the estate among the living children and the descendants of the deceased children, per stirpes. They are further authorized and directed to invest the remaining one-third of the estate for the life of the widow, and to pay to her the income thereof during her life. Upon her death they are likewise directed to distribute such one-third among the children and descendants of deceased children, per stirpes. For the sole purpose (so expressed) of effectuating the purposes of the will, such trustees are given express power to sell and convey real property.

[1] At testator's death, all his children had attained their majority, as had the descendants of deceased children, except one, and therefore there remained no duty for the trustees to perform, by way of conserving the estate during the minority of the children. For in this connection it must be held that, in its reference to the minority of the "children," the will does not include the grandchildren within the term "children." There was left then (assuming the will to be valid and susceptible of execution) for the trustees to perform only the duty of distributing two-thirds of the estate among the children and descend-

ants of deceased children, and of investing the remaining one-third, for the benefit of the widow and to distribute it upon her death.    In such connection it is agreed that one-third the estate is in personalty, so that it is not essential to resort to the real property to carry out the provisions for the benefit of the widow.

The defendant urges that the attempted trust is void, or at least inoperative, for the reason that all the children attained majority prior to testator's decease, and, further, that, the expressed power to convey real property, being limited to the purposes of the will, same falls with the trust; that therefore the children and descendants of deceased children took title by inheritance, and therefore the conveyance should come from them.

[2] We think it must be held that the attempted trust is not within the category of permitted trusts, set forth in section 96 of the Real Property Law (Laws 1909, c. 52 [Consol. Laws, c. 50]).    Therefore, as a trust (using that term in its strict sense) same is void.    And it would follow that the trustees took no title as such.

[3] This does not, however, dispose of the controversy, as it is possible that the void attempted trust might be held to be susceptible of execution as a power in trust.  The purposes of a power in trust are unlimited, except that they must be lawful purposes.   The defendant, however, combats the validity of the provisions, regarded as a power in trust, and thereby arises the reason why this proceeding must be dismissed, without a determination of the questions.

[4] It seems clear that, regarding the attempted trust as a power rather than a trust, then the title to the real property descended by inheritance and vested in the children and descendants of deceased children, subject to a possible defeasance through the exercise of such power.  The holders of the title are not parties to this submission.  The judgment sought is based in part upon stipulated facts to which stipulation they have not acceded.  We are asked to render a judgment which may result in divesting them of their title, in case we hold the provision valid as a power.  How will such heirs be bound by a judgment rendered herein?  Even if it can be said that the beneficiaries of a trust are bound by a judgment against a trustee therein, it is difficult to see how they are bound by stipulations made by such trustee. And, further, there being no trust, we cannot see how the heirs are foreclosed from later attack upon any transfer made following any judgment we might render herein.

Under the authority of Coughlin v. Fay, 68 Hun, 521, 22 N. Y. Supp. 1095, and Kelley v. Hogan, 69 App. Div. 251, 74 N. Y. Supp. 682, we must decline to determine the controversy, and leave the parties to their action, in which all parties in interest may be brought in.

The action should be dismissed, without costs.   All concur.