ERVIN D. LEE and WILLIAM F. DOWLING, as Executors, etc., of HARRY O. WILKINS, Deceased, Plaintiffs, *v.* EMMA FLOWER TAYLOR, Defendant.

Fourth Department, January 8, 1919.

Submission of controversy over disposition of corpus of trust fund — jurisdiction — controverted questions of fact cannot be determined — dismissal of proceeding — failure to make persons interested parties.

Upon the submission of a controversy, pursuant to section 1279 of the Code of Civil Procedure, relating to the disposition of the corpus of a trust fund, the court has no authority to determine controverted questions of fact.

Such a submission should be dismissed where persons interested in the controversy have not been made parties.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Lee & Dowling* [*E. D. Lee* of counsel], for the plaintiffs.

*Elon R. Brown*, for the defendant.

KRUSE, P. J.:

This controversy, submitted pursuant to section 1279 of the Code of Civil Procedure, is over the disposition of the corpus of a fund of an alleged trust sought to be created by the late Roswell P. Flower.

In 1898 Mr. Flower wrote two letters requesting Flower & Co., a firm of which he was a member, to set apart certain bonds and distribute the interest among certain relatives, among others, the plaintiffs' testator. The precise terms of the letters need not be stated. It is enough to say that in addition to the interest which was paid to and for the use of the testator, the plaintiffs claim a part of the corpus fund, and that they are entitled to receive the same from the defendant, who is the daughter and sole next of kin, heir at law and residuary legatee of Mr. Flower.

This claim is founded upon an agreement by which she assumed to execute the trust which had been committed to Flower & Co., who had failed, and by which she obligated herself for the payment of the interest and ultimate disposition of the corpus of the trust fund according to the terms of the original trust.

The learned counsel for the defendant concedes that an informal trust of personal property may be legally created by parol, and that it will be valid, though revocable by the giver, and may be executed by the giver himself as trustee (*Von Hesse* v. *MacKaye*, 136 N. Y. 114; *Locke* v. *Farmers' L. & T. Co.*, 140 id. 135; *Van Cott* v. *Prentice*, 104 id. 45; *Gilman* v. *McArdle*, 99 id. 451); and that precatory words or words permitting the selection among a class, as the letters before referred to indicate, may be tantamount to a positive direction. (*Dominick* v. *Sayre*, 3 Sandf. 555; approved, *Smith* v. *Floyd*, 140 N. Y. 337; *Clay* v. *Wood*, 153 id. 134, 143; 1 Jarman Wills [5th Am. ed.], Randolph & Talcott's Notes, 680, n. 5; Perry Trusts, §§ 114, 115.) But he nevertheless contends that this entire trust is void because it involves a suspension of ownership for more than two lives in being, and if valid, only a gift of the interest or income of the fund, and not of the fund itself, is disposed of. The plaintiffs contend that the statute against perpetuities (Pers. Prop. Law [Gen. Laws, chap. 47; Laws of 1897, chap. 417], § 2; now Pers.

Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 11) is not offended by the terms of the trust; that the validity of the trust has been recognized, and that the letters and surrounding circumstances are such as to indicate that it was the intention of the donor to dispose of the principal as well as the income.

In support of the last proposition plaintiffs call attention to the decision in *Locke* v. *Farmers' L. & T. Co. (supra)*, cited by the defendant, invoking the doctrine that a general gift of the income arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself.

We need not state more fully the contents of the letters and surrounding circumstances bearing upon the question of the validity and nature of the trust sought to be established since we are of the opinion that the merits of the controversy cannot be determined upon this submission.

It is a serious question whether contrary inferences may not be drawn from these letters and surrounding circumstances, and if so, we have no authority to determine the question of fact upon this submission. (*Marx* v. *Brogan*, 188 N. Y. 431, 433; *Security Trust Co.* v. *Bank of Niagara*, 171 App. Div. 976; *City of Yonkers* v. *Yonkers E. L. & P. Co.*, 173 id. 477.)

But even if no question of fact is presented, we think the defendant's point is well taken, that the controversy should not be decided because of a lack of proper parties to the action. The right of the plaintiffs' testator arose out of an undivided one-third of the fund so set apart for himself and his two sisters, who survive him. And as claimed by defendant, it is a serious question whether the sisters are not entitled to interest on the entire one-third, and to the principal fund, as survivor or survivors, and that, therefore, they are interested in the controversy and should be made parties to the action.

It may also be suggested that it seems equally important that the personal representatives of the donor should be made parties, because if, as is contended on behalf of the defendant, the corpus of the fund did not pass to the donees, the title thereto was left undisposed of and remained in the donor and passed to his personal representatives upon his death.

Who is the executor of the will of Mr. Flower does not appear. Indeed, it does not even appear that he left a will, except as it may be inferred from the statement that Mrs. Taylor is his sole residuary legatee. But there is nothing in the record to show what disposition was made of the estate, or who are his personal representatives.

We have heretofore dismissed cases of this nature for lack of proper parties (*Kondolf* v. *Britton*, 160 App. Div. 381; *Security Trust Co.* v. *Campbell*, 184 id. 961), and are of the opinion that that disposition should be made here.

The action should be dismissed, without costs.

All concurred.

Action upon the submission dismissed, without costs.