In the Matter of the Construction of the Will of HARRY
FUTTERMAN, Deceased.

Surrogate's Court, New York County, January 27, 1950.

Richard G. Green, as trustee under the will of Harry Futterman, deceased, petitioner in person.

Nathaniel L. Goldstein, Attorney-General (P. Hodges Combier of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law to enforce the charitable and educational trust, respondent.

COLLINS, S. Decedent bequeathed his residuary estate in trust for the purpose of making musical recordings generally available to the American public through the agency of public lending libraries. The will authorizes the trustees to make contributions of estate moneys to organizations conducting such libraries and also authorizes the trustees to effectuate decedent's intention by the formation of a corporation for that purpose. The court holds that donations by the trustees to public lending libraries that charge a modest rental fee will not contravene decedent's purpose provided such libraries are operated on a nonprofit basis. The reference in the will to " communities in the United States of America " is of geographical significance only. The word " communities ", as used by the testator, does not pertain to groups of individuals brought together solely by reason of an association of interests of an intellectual, a religious, a political or other particular nature. Decedent's paramount desire was to benefit the American public generally and the participation in his largess of special groups with limited membership would be contrary to decedent's wish. The will does not authorize distribution of estate funds to a restricted library to which free access by the public is not permitted since, within the meaning of the will, such a library would be a private library and not a public lending library. The explicit authorization for the formation of a corporation to carry out the purpose of the will is valid. (Matter of Robinson, 203 N. Y. 380, 389; Matter of Potts, 205 App. Div. 147, affd. 236 N. Y. 658; Matter of Everson, 268 App. Div. 425, 434; Matter of Crawford, 220 App. Div. 313.)

The fee of the trustee-attorney has been fixed. Submit decree on notice construing the will and settling the account.