In the Matter of the Construction of the Will of ANNE D. GELLER, Deceased.

Surrogate's Court, New York County, February 26, 1952.

*Gilbert Frei* for City Bank Farmers Trust Company, petitioner.

*Lehman, Goldmark & Rohrlich* for Alumnae Association of Mt. Sinai Hospital School of Nursing, respondent.

*De Forest, Elder & Mulreany* for Alumnae Association of School of Nurses of Presbyterian Hospital in the City of New York, Inc., respondent.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), respondent, in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

*Spence, Hotchkiss, Parker & Duryee* for Smith College, respondent.

COLLINS, S. This is an application for construction of paragraph Eleventh of the will, the text of which here follows:

" ELEVENTH: I give and bequeath to or for the use of the following charitable corporations or charitable purposes the sums hereinafter specified, viz.: (1) To the Alumnae Association of the Mt. Sinai Hospital School of Nursing, the sum of Ten thousand dollars ($10,000) absolutely. I request the Alumnae Association to use this money for the purposes of the Pension Fund of said Alumnae Association. (2) To the Alum-

nae Association of the School of Nursing of the Presbyterian Hospital in the City of New York, the sum of Ten thousand dollars ($10,000) absolutely. I request the Alumnae Association to use this money for the purposes of the Pension Fund of said Alumnae Association.''

It is conceded that each of the associations named as a legatee had an identical corporate function. In *Matter of Kennedy* (240 App. Div. 20, affd. 264 N. Y. 691) the court analyzed the purpose for which the Alumnae Association of the Presbyterian Hospital School of Nursing had been formed and held that since most of its functions were of a noncharitable nature an unqualified gift to its general fund was not a charitable or benevolent bequest. In the instant case, however, the language or gift clearly manifests the intention of the testatrix to confine her gift to the pension funds of the two organizations and this is a purpose which was recognized in the *Kennedy* decision as being charitable in nature. It is within the province of the Attorney-General of the State of New York to compel the legatee in each instance to devote the bequest exclusively to the purposes designated by the testatrix (*St. Joseph's Hosp.* v. *Bennett,* 281 N. Y. 115; *Matter of Callahan,* 85 N. Y. S. 2d 95).

The plain purpose of the testatrix to restrict the funds to the charitable function performed by the legatees is not obscured by the fact that she states her direction in the form of a request; see *Matter of Mangan* (100 N. Y. S. 2d 65, 68) where the court said: '' It is true, as contended by the special guardian, that, frequently, testamentary provisions though they may be couched in a mild form of expression, are nevertheless in their effect regarded as mandatorily dispositive. Thus, testamentary language which would, ordinarily, be construed as merely precatory, because of the context in which it is formed and in view of the bearing of circumstances surrounding the testator when he executed his will, is frequently construed as directive and dispositive. In re Stock's Will, Sur., 51 N. Y. S. 2d 281, and cases there cited in this connection, viz., Phillips v. Phillips, 112 N. Y. 197, 19 N. E. 411, 8 Am. St. Rep. 737; Riker v. Leo, 115 N. Y. 93, 21 N. E. 719; Smith v. Floyd, 140 N. Y. 337, 35 N. E. 606; Matter of Daintrey's Estate, 125 Misc. 369, 211 N. Y. S. 529; Real Property Law, § 157.''

The court accordingly holds that the legacies are in each case bequests restricted to the charitable purposes of the associations and are to be added to and administered as part of the pension funds.

Submit decree on notice.