S. Samuel Di Falco, S.
This is an application for a construction of the will in order to determine whether a valid charitable trust was established by the decedent.
Decedent’s husband, Kurt Manschinger, was a composer of classical music, who composed under the pseudonym of Ashley Vernon, as well as under his own name. He died intestate in 1968 and his entire estate, including his musical compositions and manuscripts, passed to the decedent. Decedent drew her own will, which has been admitted to probate in this court. By article 6 of her will decedent directed that: ‘1 The material of my husband’s compositions, as far as it is not in the hands of several publishers should be sent to Dr. Hans Moldenhauer, 808 South Lincoln Street, Spokane, Wash. 99204, so that it is available for possible use. Also my husband’s personal documents, reviews, pictures and other publicity material should go to the Moldenhauer archive.”
In article 5, after having bequeathed cash and other personal property to certain legatees and having appointed petitioner, Wilbur S. Broms, as her executor and trustee, she provided that: “ The rest of my money and valuables including salable possessions should be spent on the promotion and/or publication of my late husband’s compositions under the names of Kurt Manschinger as well as Ashley Vernon, and the aforementioned Wilbur S. Broms should apply and/or invest the money as he sees fit.”
It is stated in the petition that the Moldenhauer Archives “ function as a Musicological Institute in extension of the Spokane Conservatory” and that the “Archive is affiliated with Northwestern University”. It is also stated that all bequests to the Archive, or to Dr. Moldenhauer personally, will be transferred to Northwestern University. Petitioner contends that article 5 of decedent’s will establishes a charitable trust. The court agrees.
Decedent’s obvious purpose in establishing the trust was to provide funds to facilitate the performance of her husband’s musical compositions and to make available his manuscripts in *375 order to stimulate interest in Ms music and to further its understanding by the public at large. A trust, the purpose of which is to foster and provide for the performance and recording of music for entertainment of the public, may qualify as a charitable trust (see Matter of Futterman, 197 Misc. 558). The fact that the purpose of the instant trust is for the promotion and publication of the musical works of one man would not lessen its effect as a charitable trust. The question is whether the net result of the trust in operation will be of some benefit to the public. In this regard the court has been presented with letters from experts in the musical field. These letters attest to the “ high artistic merit ” of the music and its “ wide audience appeal ’ ’ as well as its ‘1 distinctive cultural merit ’ ’. One such letter recites that “ his music deserves to be performed and recorded” and stresses the importance of the preservation of our American musical heritage to the cultural history of the Nation.
The court cannot assume the role of a music critic and pass upon the over-all artistic value of the musical works of the decedent’s husband but need just be satisfied, and is satisfied in the instant case, that the public will benefit from the performance of these works. While decedent’s motive in establishing the trust may have been mainly to honor her husband and his works, this would not impair the public character or the legal validity of the trust. The courts are not concerned with the motive of the creator of the trust, but only with the question of the social and educational benefits which the trust may bring to the public. (Matter of Everson, 268 App. Div. 425, 430; Matter of Browning, 165 Misc. 819; Bogert, Trust and Trustees [2d. ed.], § 366.) The fact that the decedent provided that the trustee was to apply and/or invest the money as he sees fit does not change or obscure her charitable purpose. These words are construed as directive and dispositive with regard to the charitable purpose and not precatory. (Matter of Geller, 201 Misc. 381.) Decedent appointed petitioner as trustee and bequeathed funds to him coupled with the direction that they be expended for the promotion and/or publication of her husband’s musical compositions. The trustee does not claim the funds free of the trust but expressly requests judicial sanction of his fiduciary relationship in order to carry out decedent’s instructions. The intent was to grant to the trustee discretion in using the money within the framework of the over-all charitable purpose.
*376 The court is satisfied that the trust, which was established to provide for the performance of the musical works, has educational and social value for the public at large and constitutes a valid charitable trust. The trust is of course subject to the supervision of the Attorney-General under EPTL article 8.