In the Matter of the Probate of the Last Will and Testament of ESTELLE B. CRAWFORD, Deceased.

FANNIE BALDWIN RUSSELL, Appellant; GEORGE H. SMITH, as Executor, etc., of ESTELLE B. CRAWFORD, Deceased, Respondent.

Third Department, November 12, 1926.

Wills — validity of provision establishing trust for municipal library in village of Monticello — will was executed three days before death — said provision is invalid under General Municipal Law, § 146 — last clause of section does not apply to time of execution but merely to amount that may be devised — fact that testatrix left no husband, child or parent surviving does not make provision valid — General Municipal Law, § 146, was not repealed by implication by Laws of 1911, chap. 857.

A clause in the will of the testatrix devising property in trust for the establishment of a public library in the village of Monticello, N. Y., a valid purpose under article 7 of the General Municipal Law, was invalid, since it appears that the will was executed three days prior to the death of the testatrix which brought the trust provision within section 146 of the General Municipal Law which provides that article 7 shall not be construed to authorize any devise or bequest whatever unless the will was executed at least two months before the decease of the testator.

The contention by the respondent that the concluding words of said section 146, "in case he or she shall leave a husband, wife, child, or parent him or her surviving" qualified the entire section and that both conditions must co-exist, that is, condition as to time as well as condition as to survivors, in order to

render a devise invalid, cannot be sustained for the history of the statute indicates that the two conditions are independent and that in case the first condition is violated the trust will be held invalid absolutely, and in case the second condition is violated it will be held invalid as to the excess over and above one-half of the estate.

The repeal of sections 18, 19 and 20 of the Decedent Estate Law by chapter 857 of the Laws of 1911 did not operate to repeal by implication section 146 of the General Municipal Law, for if the Legislature had intended to repeal said section 146, it would have mentioned that statute as well as the others that were mentioned.

APPEAL by Fannie Baldwin Russell from so much of a decree of the Surrogate's Court of the county of Sullivan, entered in the office of said Surrogate's Court on the 4th day of March, 1926, admitting to probate the last will and testament of Estelle B. Crawford, deceased, as adjudges that the 13th clause of said will is legal.

*Masten & Nichols* [*Edward C. Rowe* and *John A. Kelly* of counsel], for the appellant.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the respondent.

COCHRANE, P. J.   The question on this appeal is the validity of the 13th or residuary clause of the will of Estelle B. Crawford, deceased, who died three days after the execution of the will on November 4, 1925.   Said residuary clause creates a trust for the establishment of a public library in the village of Monticello, N. Y.   Such a trust is authorized by article 7 of the General Municipal Law (as amd. by Laws of 1910, chap. 163).   The will was carefully and scientifically drawn, evidently with the statutory requirements of said article 7 in mind.   There is no vagueness or indefiniteness in the testamentary provisions and it is unquestioned that on the face of the will a lawful trust was created for the purpose intended by the testatrix.   But it is claimed that her death three days after the execution of the will invalidated the trust provision because of section 146 of the said article 7 of the General Municipal Law which is as follows: " This article shall not be construed or held to authorize any devise or bequest whatever, unless the will was executed at least two months before the decease of the testator or testatrix, nor of more than one-half of the estate of the testator or testatrix over and above the payment of debts, liabilities and expenses, in case he or she shall leave a husband, wife, child, or parent him or her surviving."   The deceased left no husband, child or parent her surviving.   The respondent contends that the concluding words of said section 146, " in case he or she shall leave a husband, wife, child, or parent him or her surviving," qualify the entire section and that the two months' clause

is not to be considered independently but that it was intended as
an added protection to the husband, wife, child or parent of the
deceased.    Such is not the plain and obvious reading of the section.
To ascertain the legislative intent we may refer to the history of
the legislation on the subject.    The case of *Stephenson* v. *Short* (92
N. Y. 433) contains a comprehensive synopsis of such history.    In
that case the court had under consideration a similar statute, being
chapter 319 of the Laws of 1848, section 6.*    The same argument
was made in that case as is made here with reference to the two
months' clause.    It was stated by the court that similar statutes
enacted in this State were founded on the theory of the English
Mortmain Act which prohibited the giving of land for charitable
uses unless by deed executed twelve months before the death of
the donor.    In its opinion the court said: " There is nothing in
the course of legislation on this subject, which sanctions the idea
that it has been the policy of the Legislature to confine the protec-
tion of the two months' clause to wives, children and parents, but
so far as appears, its policy has been quite the reverse.    *    *    *
We have not been referred to any act of the Legislature of this
or any other State, containing the two months' clause, or any
similar provision, in which the operation thereof is confined to
wills made by persons leaving a wife, child or parent (unless it be
the State of Georgia as its statute was construed in *Reynolds* v.
*Bristow*, 37 Ga. 283), nor can we see any reason for so con-
fining it.    Provisions of this character, wherever we have found
them in the statutes of other States, are of general application to
the wills of all persons, whoever their heirs may be.    *    *    *
Brothers and sisters, nephews and nieces are very near kindred
and certainly entitled to be considered in guarding against undue
influence over a testator, yet not only they, but even grandchildren
would, on the theory of the appellants, be without the protection
of the statute.    Those standing in a still closer relation to the
testator, his wife, children and parents, receive greater and especial
protection from the statute, for even though the will be made more
than two months before the death of the testator, he is disabled
from devoting to charitable purposes more than one-fourth (and
by the act of 1860,† one-half) of his estate.    But we think that the
two months' clause was intended to protect, not only them, but
all the heirs and kindred of the testator, and even the testator him-
self, against the influences which might be brought to bear upon him

---

* Since amd. by Laws of 1903, chap. 623; Decedent Estate Law, § 19; repealed
by Laws of 1911, chap. 857.— [REP.

† See Laws of 1860, chap. 360; Decedent Estate Law, §17, as amd. by Laws of
1923, chap. 301.— [ REP.

in his last moments, and the mistaken notions which might govern him." The court stated that it could not follow the Georgia case above mentioned. The *Stephenson* case was decided in 1883. Notwithstanding the plain exposition of the reason for the law as therein stated the Legislature enacted chapter 160 of the Laws of 1890, the parent statute of article 7 of the General Municipal Law, and amended the same from time to time and re-enacted the same in said article 7. Section 146 of the latter law is section 7 of the said chapter 160 of the Laws of 1890, unchanged. It would seem that if the Legislature had intended to change the meaning of the law in so important a matter with knowledge of the decision in the *Stephenson* case it would have done so in clear and unmistakable language. Certainly such change would have been manifested in the subsequent amendments or in the re-enactment. It is true that the phraseology of section 146 is not exactly the same as that in the statute before the court in the *Stephenson* case. But the language in section 146 does not yield any more readily to the contention of the respondent than did the language of the statute in that case yield to the same contention. The case of *Hollis* v. *Drew Theological Seminary* (95 N. Y. 166), cited by respondent, only holds that in the absence of a statute public policy does not require a will to be executed more than two months before the death of the testator. The construction urged by the respondent requires a strained and unnatural meaning to be imputed to the language of the statute. It should also be recalled that throughout the course of legislation there have constantly been disclosed two distinct and independent purposes, one the protection of the closer relationship of husband, wife, child or parent, and the other the protection of a more remote relationship as well as the protection of the testator himself from improvident or inconsiderate testamentary acts during a period when he might unwisely yield to impulses resulting from a diseased condition. In many instances the two months' provision and the provision for husband, wife, child or parent have been separate enactments. It has never been held on approved authority, as far as our knowledge extends, that their combination in a single statute had any effect other than to perpetuate the double purpose above mentioned and we are persuaded that the Legislature in the original act of 1890 did not intend to revolutionize a theory which has so clearly and definitely existed in this country as well as in England. Had such been the intent of the Legislature, it would have been so clearly manifested as to place the construction of the statute beyond the realm of controversy. Particularly is this true in view of the fact that said original act of 1890 related solely to the establishment

of public parks and not to philanthropic purposes generally. So radical a change would scarcely have been inaugurated with reference to parks alone to the exclusion of all other philanthropies. By chapter 25 of the Laws of 1892 the original act of 1890 was amended so as to provide for the establishment of public libraries in addition to public parks. By chapter 53 of the Laws of 1896 the act was extended to towns and amended.

The respondent contends that the repeal of sections 18, 19 and 20 of the Decedent Estate Law by chapter 857 of the Laws of 1911 indicates a repeal by implication of section 146 of the General Municipal Law. Said sections 18, 19 and 20 place limitations on devises and bequests to institutions or corporations formed under particular statutes therein specified. If the Legislature had intended to repeal said section 146, it would have mentioned that statute as well as the others. The fact that it was not mentioned, although all the others were mentioned, would seem to indicate that there was no intention to repeal the former.

The decree should be modified by striking therefrom the provision adjudging that the 13th clause of the will is valid, and inserting therein a provision that said clause is invalid because of the death of the decedent within two months after the execution of the will, with costs to both parties payable out of the estate.

Decree modified in accordance with opinion and as so modified unanimously affirmed, with costs to both parties payable out of the estate.