In the Matter of Proving the Last Will and Testament of ESTELLE B. CRAWFORD, Deceased.

FANNIE BALDWIN RUSSELL, Appellant; GEORGE H. SMITH, as Executor, etc., of ESTELLE B. CRAWFORD, Deceased, Respondent.

Third Department, May 4, 1927.

Wills — construction — validity of provision devising property in trust for establishment of public library — will was executed less than two months before death of testatrix — no evidence that will was drawn to be made effective under General Municipal Law, article 7 — said provision of will is held valid under Education Law, §§ 59, 1117, 1118 and 1118-a and General Corporation Law, § 11, subd. 3.

Testatrix, by a will executed less than two months prior to her death, devised property to trustees in trust to purchase a proper site in the village of Monticello, N. Y., and prepare or have prepared plans and specifications, and erect a suitable building and furnish and equip the same as a free public library, and directed the trustees to use their best endeavors to have the village raise by tax a like or larger sum for the increase of the efficiency and for the support and maintenance of the library. The testatrix also directed that " Said Board shall be incorporated." This provision of the will cannot be held to be invalid as a violation of section 146 of article 7 of the General Municipal Law, for

it may be carried out validly under the Education Law and there is nothing in the will itself or otherwise tending to show that the testatrix intended to effectuate her purpose pursuant to said article of the General Municipal Law which provides: " This article shall not be construed or held to authorize any devise or bequest whatever, unless the will was executed at least two months before the decease of the testator or testatrix," etc.

This provision of the will may be carried out validly under sections 59, 1117, 1118 and 1118-a of the Education Law and an analysis of the provision in the will indicates that it can be carried out more consistently under said statutory provisions than under article 7 of the General Municipal Law, and, in view of said statutory provisions and also subdivision 3 of section 11 of the General Corporation Law and the fact that the testatrix did not by her will or otherwise show any intention that the devise thereunder should be effectuated under any particular statute, it is held that the testatrix intended that her devise should be carried out under any statute that would permit the valid accomplishment of her purpose.

REARGUMENT of an appeal by Fannie Baldwin Russell from so much of a decree of the Surrogate's Court of Sullivan county, entered in the office of said Surrogate's Court on the 4th day of March, 1926, admitting to probate the last will and testament of said deceased, as adjudges the 13th clause of said will to be legal.

The former argument of the appeal was made before this court at its September, 1926, term. In November, 1926, this court decided that said 13th clause was invalid and that the decree should be modified by so adjudging. (*Matter of Crawford*, 218 App. Div. 392.) The respondent executor has been granted the permission of this court for a reargument, with leave to the Attorney-General of appearing upon the reargument and filing brief. (219 App. Div. 756.)

*Masten & Nichols [Edward C. Rowe, John A. Kelly* and *Walter S. Throop* of counsel], for the appellant.

*John D. Lyons [Nellie Childs Smith, Charles E. Le Barbier* and *Henry Willis Smith* of counsel], for the respondent.

*Albert Ottinger, Attorney-General [Robert P. Beyer, Deputy Attorney-General,* of counsel], for the unknown beneficiaries of trust.

HINMAN, J. Estelle B. Crawford made and executed her last will and testament on November 4, 1925. She died on November 7, 1925, in the village of Monticello, Sullivan county, N. Y. The 13th clause of her said last will and testament reads as follows:

" *Thirteenth.* I give, devise and bequeath all the rest, residue and remainder of my estate, including all trust funds created heretofore as soon as the respective trusts shall end, and the principal thereof be paid into my residuary estate, and including both real and personal property, and the real property of which shall be converted into cash by my executor as hereinafter provided, and

the proceeds paid by said executor to the following six trustees as hereinafter provided, to the following six persons, viz: Rev. Hugh Russell Fraser, John D. Lyons, Kenneth D. L. Niven, George H. Smith and Dr. F. A. McWilliams & Nellie Childs Smith, all of Monticello, New York, as Trustees, in Trust, perpetually for the following uses and purposes, viz: they shall purchase from said fund a proper site in the village of Monticello, New York, and prepare or have prepared plans and specifications and erect thereupon a suitable building and shall furnish and equip the same as a free public Library which shall be known as the Ethelbert B. Crawford Memorial Library, which title shall properly appear above the entrance to the building. Said Trustees shall use their best endeavors to have the village of Monticello raise by tax a like or larger sum for the increase of the efficiency and for the support and maintenance thereof. The paintings of my son, Ethelbert B. Crawford, shall be appropriately exhibited at all times upon the walls of the rooms of said Library. Said Board of Trustees above named shall be known as the Board of Trustees of the Ethelbert B. Crawford Memorial Library and shall have the control and management of the same. In case of the death or retirement of any of said Trustees the vacancy in the Board shall be filled by the remaining or surviving members of the Board of Trustees from among the responsible, qualified citizens of the village of Monticello, male or female, so that there will always be a Board of Trustees of six members. Said Board shall be incorporated."

The question on the appeal is the validity of said 13th clause. In the probate proceeding before the surrogate the competency of the testatrix, her freedom from undue influence and the validity of the execution of the will were all admitted. The appellant by her answer averred that the said 13th clause was made pursuant to article 7 of the General Municipal Law and that it was invalid under section 146 of that law because it was made less than two months before the decedent's death. Section 146 of the General Municipal Law reads as follows:

" § 146. Devises and bequests restricted. This article shall not be construed or held to authorize any devise or bequest whatever, unless the will was executed at least two months before the decease of the testator or testatrix, nor of more than one-half of the estate of the testator or testatrix over and above the payment of debts, liabilities and expenses, in case he or she shall leave a husband, wife, child, or parent him or her surviving."

The court below held that the said 13th clause was valid. When the appeal was presented to us upon the former argument the validity of said clause was tested in oral argument and upon the

briefs in the sole light of a trust authorized by article 7 of the General Municipal Law (as amd. by Laws of 1910, chap. 163). We decided the appeal with sole reference to that statute (218 App. Div. 392). We held that said clause was invalid under section 146 of the General Municipal Law. One of the reasons for granting this reargument is the fact now called specifically to our attention that there are certain provisions of the Education Law under which it is claimed the said trust may be validly carried out. (Education Law, §§ 59, 1117, 1118, 1118-a.) The assumption of the appellant that this court, even though the respondent failed to call specifically to its attention said sections of the Education Law, itself considered the provisions of these sections upon the former argument and decision is contrary to fact. Neither party called these provisions to our attention. When we stated in our former opinion that the will was evidently drawn with the statutory requirements of article 7 of the General Municipal Law in mind, the statement was made without considering the applicability of the said provisions of the Education Law to the facts before us.

There must be an entire reconsideration of the appeal for the purpose of determining whether the object of the testatrix set forth in said 13th clause may be validly carried out under the provisions of the Education Law and other pertinent statutes or whether we must continue to infer that the testatrix relied solely upon the said provisions of the General Municipal Law to effectuate her purpose. It is a well-settled canon of construction of wills that, if possible, such construction as will prevent intestacy will be adopted rather than one which renders the will invalid. (*Du Bois* v. *Ray*, 35 N. Y. 162.) " When either of two constructions is possible, one of which would be valid and the other invalid, the former will be preferred because it is presumed to accord with the actual intention." (*Seitz* v. *Faversham*, 205 N. Y. 197, 202.) We have before us the usual question of construction requiring a determination of the intent of the decedent from the face of the will. The appellant offered no evidence whatever to sustain a finding that the testatrix intended her object to be effectuated pursuant to article 7 of the General Municipal Law. The testatrix designated no law by name nor is there any intimation of such designation to be found from the circumstances surrounding the testatrix at the time of the execution of her will. If it is to be found at all it must appear upon the face of the will. The object she sought to attain is clear. The doubt, if any, is whether she intended it to be effectuated pursuant to said article 7 of the General Municipal Law or pursuant to any law under which her purpose might best be accomplished.

The provisions of article 7 of the General Municipal Law are merely permissive and the restriction of section 146 of that law conditioned upon the execution of the will at least two months before the death of the testatrix relates expressly to devises and bequests made pursuant to that law alone. This is clear from the language used as follows: " This article shall not be construed or held to authorize any devise or bequest whatever, unless," etc. It has long since been settled that gifts to charitable, benevolent, scientific or educational institutions are not against public policy, and there is no public policy outside of the statutes which condemns testamentary gifts to such institutions, although contained in a will executed within two months of the testator's death. (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166; *Matter of Lampson*, 161 id. 511.) The condemnation of such testamentary gifts contained in a will executed within two months of the testator's death, which was considered in those cases, was held to apply only to corporations organized under section 6 of chapter 319 of the Laws of 1848 providing for the incorporation of such institutions. It was held not to apply to a beneficiary otherwise incorporated. In speaking of the two months' restriction, GRAY, J., writing for the court in *Matter of Lampson* (*supra*, at p. 519) said: " I find no ground in any legislation of the present time for saying that testamentary gifts made within two months of the decease of the testator are against public policy. I should strongly doubt that the same reasons existed now, which in earlier times seemed to justify the imposition of such a restriction upon testamentary dispositions in favor of institutions established for the temporal or spiritual welfare of men." And it was also stated by EARL, J., in *Hollis* v. *Drew Theological Seminary* (*supra*, at p. 172): " It is not against public policy to allow gifts to charitable, benevolent, scientific or educational institutions. The law allows and encourages such gifts, and those who make them are commended as the benefactors of their race. Such institutions dotted all over our land, to succor, elevate, educate men and ameliorate their condition, are distinguishing features of our modern civilization  It is just as praiseworthy to give to these institutions by will, within two months before a testator's death, as at an earlier date. There is nothing essentially evil or of evil tendency in gifts thus made. * * * Such wills become evil only, like all wills, when they fail to deal fairly and justly by those persons who have claims upon the testator's care and bounty; and the policy of the statute is to protect such persons, and this it does by a general rule. There is no policy outside of the statute which condemns such wills. The policy is found only in the statute, and reaches no further than

the statute." The reasoning applied to the act of 1848 is clearly applicable to the provisions of article 7 of the General Municipal Law in the event that the object sought to be effectuated by the testatrix here may be carried out within the intent of the testatrix under the provisions of the Education Law.

Section 59 of the Education Law (Laws of 1910, chap. 140) provides as follows:

" § 59. Charters. Under such name, with such number of trustees or other managers, and with such powers, privileges and duties, and subject to such limitations and restrictions in all respects as the Regents may prescribe in conformity to law, they may, by an instrument under their seal and recorded in their office, incorporate any university, college, academy, *library*, museum, or other institution or association for the promotion of science, literature, art, history or other department of knowledge, or of education in any way, associations of teachers, students, graduates of educational institutions, and other associations whose approved purposes are, in whole or in part, of educational or cultural value deemed worthy of recognition and encouragement by the university. *No institution or association which might be incorporated by the Regents under this chapter shall, without their consent, be incorporated under any other general law.*"

Under subdivision 2 of section 1117 of the Education Law (as amd. by Laws of 1921, chap. 385, and Laws of 1922, chap. 345) it is provided as follows: " The term ' association ' library shall be construed to mean a library established and controlled, in whole or in part, by a group of private individuals operating as an association, corporation, or as trustees under the provisions of a will or a deed of trust."

Under section 1118-a of the Education Law (added by Laws of 1921, chap. 385) it is provided: " Any authority named in section eleven hundred and eighteen [county, city, village, town, school district, or other body authorized to levy and collect taxes] may grant money for the support of free association libraries provided such libraries are registered by the Regents."

Examining the said 13th clause of the will in connection with the foregoing provisions we find that said provisions of the Education Law are perfectly adapted to effectuate every expressed purpose of the testatrix. We find moreover the mandatory provision of section 59 of the Education Law that if incorporation by the Regents may be accomplished under the Education Law, it shall not be accomplished under any other general law without the consent of the Regents. There is express authority for corporations organized under the Education Law to acquire by devise or bequest

without the two months' limitation, which has been deleted from every general law except article 7 of the General Municipal Law. By section 11 of the General Corporation Law it is provided that " Every corporation as such has power, though not specified in the law under which it is incorporated: * * * 3. To acquire by grant, gift, purchase, devise or bequest, to hold and dispose of such property as the purposes of the corporation shall require, subject to such limitations as may be prescribed by law." We find that under section 141 of the General Municipal Law* it is provided as follows: " Whenever any grant, gift, devise or bequest shall have been made, under the provisions of this article [Article 7], *such trustees shall thereupon become and be a body politic and corporate.*" Yet we find as the concluding sentence of the said 13th clause of the will in question the following: " Said Board shall be incorporated." The direction to incorporate the board of trustees designated by her in her will was unnecessary, if it was the intent of the testatrix to rely upon article 7 of the General Municipal Law alone. Such direction to incorporate was impossible of execution because the mere force of the gift under section 141 of the General Municipal Law of itself would create the corporation If the will directs the gift to be effectuated under article 7 of the General Municipal Law and also directs it to be effectuated through a corporation to be subsequently organized, the two directions are inconsistent and tend to demonstrate that the testatrix did not have the General Municipal Law provisions exclusively in mind. We find upon examining said 13th clause a request that " said Trustees shall use their best endeavors to have the village of Monticello raise by tax a like or larger sum for the increase of the efficiency and for the support and maintenance thereof." No authority to carry out that request or direction is found in the General Municipal Law in relation to such a trust for libraries. We find, however, suitable provisions in the Education Law for the accomplishment of that portion of her purpose " provided such libraries are registered by the Regents." (Education Law, § 1118-a.) If the General Municipal Law were the only law under which the said trust could be carried out, the court might disregard her direction to incorporate as merely surplusage and her request to have the village of Monticello raise money by tax for the support of the library as merely precatory. The court, however, should not disregard these significant directions in determining the intent of the testatrix where another statute is available under which her whole purpose may be validly carried out. It is natural to infer and in view of

* As amd. by Laws of 1910, chap. 163.— [REP.

the said provisions of the Education Law not previously called to our attention, we infer that the testatrix did not rely exclusively on the provisions of article 7 of the General Municipal Law, but upon such law, whatever it might be, as was best calculated to effectuate her object. It is our present opinion that the provisions of article 7 of the General Municipal Law were considered by the attorney who drafted said will. Many of the provisions of the 13th clause denote that fact. We conclude, however, that the testatrix intended the plan to be effectuated pursuant to any law that would permit it, rather than one that might defeat it. The Education Law supplies a well-considered plan for this purpose and we have resolved to adopt that construction which will prevent intestacy rather than the one which renders the said clause invalid.

The decree of the surrogate so far as appealed from should be affirmed, with costs to all parties to be paid out of the estate.

VAN KIRK, Acting P. J., McCANN, DAVIS and WHITMYER, JJ., concur.

Decree affirmed, with costs payable out of the estate to all parties filing briefs.