JAMES C. CALLAHAN and Another, Appellants, v. WILHELMINA VOLKE, Respondent, Impleaded with ARTHUR C. STULL and Another, Defendants.

Third Department, May 4, 1927.

Wills — construction — codicil reaffirmed will and gave testator's wife " all my property and effects both real and personal  *  *  *  with full power and authority to dispose of sell and convey the same "— second clause of codicil provided that on death of wife " all the rest residue and remainder of my property, both real and personal " should go to testator's niece absolutely — real property was not specifically devised to widow — on death of widow, niece took all property not disposed of by widow — deeds — action is to set aside deed by widow on ground that she was incompetent — heirs at law and next of kin of niece of testator may maintain action.

The plaintiffs in this action to set aside a conveyance claim to have title to the real property through a will and that the grantor in the deed was the life tenant with the right to use the principal of the estate but that at the time she transferred the property in question she was of unsound mind and that the deed was procured through duress. It appears that the grantor's husband executed a will and a codicil thereto on the same day. In the will he devised the real property in question to the grantor in the deed, his wife, and he also devised her the remainder of his property, and in the codicil he ratified and confirmed the will, granting to his wife, the grantor in the deed, " all my property and effects both real and personal of every name, nature and kind whatsoever for her sole use and benefit with full power and authority to dispose of sell and convey the same." The next clause in the codicil provided that " On the demise of my said wife  *  *  *  all the rest residue and remainder of my property, both real and personal of every name, nature and kind whatsoever I give, bequeath and devise to my niece " through whom the plaintiffs now claim. Said will and codicil construed together did not devise the real property specifically to the widow but the intention of the testator was to devise all of his property, real and personal, to the widow with power and authority in her to use any part of it, but with the limitation that upon her death if any property remained, it should pass to the testator's niece through whom the plaintiffs claim. The words in the codicil " rest residue and remainder " refer to that part of his estate which his widow had not disposed of at the time of her death.

Accordingly, the plaintiffs took any property which the widow had not disposed of at the time of her death and they are, therefore, entitled to maintain this action which is based on the theory that the widow could not validly grant the property, since she was at the time incompetent.

DAVIS, J., dissents, with opinion.

APPEAL by the plaintiffs, James C. Callahan and another, from an order of the Supreme Court, made at the Sullivan Special Term and entered in the office of the clerk of the county of Sullivan on the 6th day of August, 1926, dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*William Deckelman* [*Nellie Childs Smith* and *John D. Lyons* of counsel], for the appellants.

*Henry F. Gardner,* for the respondent.

McCANN, J. Plaintiffs brought an action to set aside a conveyance of certain real property in Sullivan county from one Philopena Wind to the defendant Wilhelmina Volke on the ground that the same was obtained under duress and while said Philopena Wind was mentally incompetent to convey. The complaint shows that prior to his death George Wind was the owner of the real property described in the complaint, which consisted of a house and lot situate in the village of Jeffersonville, N. Y. He died in 1904 leaving a last will and testament and codicil thereto, both of which have been admitted to probate. He left him surviving his widow, Philopena Wind, who died on the 14th of February, 1926. Said will and codicil read as follows:

" IN THE NAME OF GOD, AMEN.

" I, George Wind, of the Town of Callicoon, Sullivan County and State of New York, do hereby make, publish and declare this my last Will and Testament in manner and form following:

" *First.* I direct that all my just debts and funeral expenses be paid as soon after my deceased as can conveniently be done.

" *Second.* I give, and devise unto my wife, Philopena Wind, the dwelling house and lot in which I now reside in Jeffersonville, Sullivan County, New York.

" I hereby give and bequeath unto my said wife Philopena Wind, all household furniture plate, printed books, pictures and other works of art, chattels and effects which shall be in the house.

" Also all mortgages, money and effects, owned and possed by me at my deceased.

" Dated July 20, 1896.

" Jeffersonville, Sullivan County, State of New York
" GEO. WIND    (L. S.) "

Attestation clause follows.

" This is a codicil to my last will and testament bearing date the 20th day of July, 1896 as follows: I do hereby ratify, republish and confirm all the provisions of said will hereby giving and granting unto my said wife, Philopena Wind, all my property and effects both real and personal of every name, nature and kind whatsoever for her sole use and benefit with full power and authority to dispose of sell and convey the same.

" *Second.* On the demise of my said wife, Philopena all the rest residue and remainder of my property, both real and personal of every name, nature and kind whatsoever I give, bequeath and devise to my niece, Margie Colahan, of the city of Philadelphia, Pa. to her sole use and benefit absolutely.

" *Lastly* I do hereby depute, constitute and appoint my said wife and Edwin A. Brand the sole executors of this my last will and testament hereby revoking all other and former wills by me made.

" *In Witness Whereof,* I have hereunto set my hand and affixed my seal this 15th day of December, 1904.

" GEO. WIND (L. S.) "

Attestation clause follows.

On the 14th day of October, 1920, an instrument purporting to be a deed of the real property referred to, was recorded in the Sullivan county clerk's office and by this deed Philopena Wind was named as the grantor and the defendant Wilhelmina Volke as the grantee. The instrument excepted and reserved to the first party the use and enjoyment of the premises during her natural life and was made on the further condition that the party of the second part should pay to the party of the first part during her lifetime a certain amount in cash, which payment should cease and terminate at the death of the party of the first part. Margie Callahan (named in the codicil as Margie Colahan) was the mother of the plaintiffs herein and the grandmother of the defendants Arthur C. and James E. Stull, who were the children of a deceased daughter of said Margie Callahan. Said Margie Callahan died in January, 1918, leaving the two plaintiffs and the defendants Stull as her heirs at law and next of kin.

The plaintiffs claim that the deed above mentioned was procured by defendant Volke through undue influence and fraud and without consideration and that for several years last past the said grantor Philopena Wind was of unsound mind and incompetent to convey. The complaint asks judgment that the defendant Wilhelmina Volke be barred from any claim or interest in the said premises and that the said deed be canceled of record.

A motion was made for judgment dismissing the complaint on

the ground that it did not state facts sufficient to constitute a cause of action and on the further ground that the plaintiffs did not have legal capacity to sue.

The question herein involved depends upon the construction of the will and·codicil of George Wind, deceased. Plaintiffs contend that the said will and codicil gave to the widow the life use of the property ·in question with power to dispose of the property; ·that on account of her mental incapacity, she was not able to make any legal disposition thereof; therefore, the deed in .question was not in law or in fact a deed and that thereupon the plaintiffs became entitled to an interest in the property at the death of the widow. Defendant Volke claims that the plaintiffs and the defendants Stull would in no event have any interest in the real estate described, even if the widow had not executed any deed thereof. The trial court granted an order that the plaintiff's complaint be dismissed and held the devise to Philopena Wind as specific and as giving no interest to Margie Callahan or her heirs. (127 Misc. 735.)

We cannot agree with this conclusion. The will itself is dated July 20, 1896, and the codicil is dated December 15, 1904. Both, however, were executed and published on the latter date and before the same witnesses. Whatever the circumstances, and whatever may have been the reason for not executing and publishing the original will until the codicil was also drafted and published, the meaning of the two, when read together, is clear. By the 1st paragraph of the codicil it is evident that the testator considered that the will gave to his wife all of his real and personal property of every kind whatsoever and without any limitation. It can hardly be claimed, therefore, that to this point the devise of the real estate was specific any more than the bequest of his personal property. The will gave all to the widow. The testator by the codicil, after ratifying, republishing and confirming this devise and bequest to his wife of " all my property and effects both real and personal of every name, nature and kind whatsoever for her sole use and benefit," states " with full power and authority to dispose of sell and convey the· same." Without reference to the 2d paragraph this clause would be meaningless. In the 2d paragraph he states: " On the demise of my said wife, Philopena all the rest residue and remainder of my property, both real and personal of every name, nature and kind whatsoever, I give, bequeath and devise to my niece, Margie Colahan   *   *   * " The respondent claims " rest residue and remainder " refers to all property *not* specifically given to the wife by the will. Such a construction is forced and untenable. As has been pointed out, the testator clearly indicates in the 1st paragraph of the codicil that he con-

sidered the will as bequeathing and devising *all of his property* without restriction to the wife; also that the 1st paragraph of the codicil does not grant to the wife any more than he gave or intended to give by the original will. Furthermore, such a construction would make meaningless the phrase already quoted, *i. e.*, giving to the wife the power and authority to dispose of this property, as such power and authority are inherent in one receiving an outright and complete gift. The natural and only possible meaning is that the testator intended his wife to have the use of all of his property during her lifetime, without restriction upon her use of the principal or power to convey any part of it, but that upon her death the niece Margie Callahan should receive such of his property as had not been otherwise disposed of by the widow. (*Matter of Ithaca Trust Co.*, 220 N. Y. 437.)

This being the case, the plaintiffs and the defendants Stull took title to the property described in the complaint upon the death of Philopena Wind, if the conveyance by her to the defendant Wilhelmina Volke was void.

The intent of the testator must be gathered from the whole will. (*Matter of Evans*, 234 N. Y. 42.) Many cases are cited laying down rules of construction. In the last analysis the intent of the testator must be ascertained. The trial court believed that the codicil limited the absolute title granted in the will, but not as to the alleged specific devise of the real estate. There is no reason for such an interpretation. There was but one devise, which included all of the real estate, and there was but one legacy, which included all of the personal property. The limitation coupled with the power of disposition extended to the whole estate and was included in the 1st paragraph of the codicil wherein the testator ratified, republished and confirmed all of the provisions of his will " giving and granting unto my said wife, Philopena Wind, all my property and effects both real and personal of every name, nature and kind whatsoever for her sole use and benefit with full power and authority to dispose of sell and convey the same." Here is a comprehensive statement, covering property of *every* kind. This is followed by a provision granting the sole use and benefit of the said property to the wife and included in this sentence is the language " with full power and authority to dispose of sell and convey the same." Next follows the provision: " On the demise of my said wife, Philopena all the rest residue and remainder of my property, *both real and personal of every name, nature and kind whatsoever* I give, bequeath and devise to my niece, Margie Colahan, of the city of Philadelphia, Pa. to her sole use and benefit absolutely." This can only refer to the rest, residue and remainder of testator's

property not disposed of by the widow. It had all been devised to her for her use and benefit. The codicil shows the understanding of the testator, of the difference between the limitation in paragraph 1 of the codicil to the *sole use and benefit* of the property *with power of disposition,* and the provision in paragraph 2 where the sole use and benefit is devised and bequeathed absolutely and without disposition. A gift to one subject to a gift to another is valid under such circumstances. (*Tillman* v. *Ogren,* 227 N. Y. 495, 502, where the following language is found: "A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the first taker. [*Seward* v. *Davis,* 198 N. Y. 415.] The gift over after a gift that is apparently absolute is sustained because it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by the subsequent or other provisions of the will or instrument creating the gifts.")

We agree with the trial court (127 Misc. 735, 742) that " the purpose should be to adopt an interpretation which will give every part of the will and codicil some effect. If such purpose can be carried out, it should be done. (*Eidt* v. *Eidt,* 203 N. Y. 325.)" We cannot agree, however, with the interpretation of the trial court as to the limitation imposed by the codicil. We cannot distinguish between the specific and the general legacies. We think no such distinction exists for such limitation. We do not find, as stated in the opinion of the trial court, that " the last portion of the will was separate and distinct, and consisted of a clause which was set apart as a sentence, and was not, in fact, a complete expression or direction but would have to be added to and read in connection with the previous sentence. The words ' rest residue and remainder ' in the 2d paragraph of the codicil have a well-defined meaning, and would not reasonably mean the specifically devised real property, with which we are concerned."

Herein we differ with the conclusion reached by the trial court. We hold: (1) That the effect of the codicil was to reaffirm a conveyance of all the real and personal property of the testator to his widow, the same to be limited, however, to " her sole use and benefit with full power and authority to dispose of sell and convey the same; " (2) that the 2d paragraph of the codicil provides that in case the wife should leave undisposed of at the time of her death any of the real or personal property which was granted to her by

her husband, under either his will or the codicil, it should pass to Margie Callahan, and Margie Callahan having died subsequent to the death of the testator said property passed to her heirs at law and next of kin.

Having determined that the heirs of Margie Callahan were entitled to the property described in the complaint after the death of the widow of the testator, we consequently hold that they have the right to maintain this action to recover the property procured from the widow of testator during her lifetime, under the allegations as set forth in the complaint.

The order appealed from should be reversed, with costs and disbursements against the respondent, and the motion denied, with ten dollars costs, with leave to defendants to answer within twenty days upon payment of such costs.

VAN KIRK, Acting P. J., HINMAN and WHITMYER, JJ., concur; DAVIS, J., dissents, with an opinion.

DAVIS, J. (dissenting). It is not unusual to find provisions in wills that are ambiguous, contradictory and repugnant, particularly where they are prepared by unskilled draftsmen. No matter by whom drawn, the words of the will must be deemed those of the testator. It then becomes a question of judgment in ascertaining the intent from the language used, the surrounding circumstances and common experience. (*Matter of Barney*, 207 App. Div. 25, 28; affd., 239 N. Y. 584.)

The language employed in the provisions of this will and codicil is somewhat obscure and contradictory. There is, I think, one clear principle which may be applied, stated by O'BRIEN, J., in *Goodwin* v. *Coddington* (154 N. Y. 283, 286) as follows: " Whenever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention in that direction as the prior part does to make it. A codicil will not operate to revoke a previous devise or bequest beyond the clear import of the language used." Again it is said by MARTIN, J., in *Banzer* v. *Banzer* (156 N. Y. 429, 435): " Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate * * *." (See, also, *Freeman* v. *Coit*, 96 N. Y. 63.)

The devise in the will of the dwelling house and lot to the wife of testator is absolute. The remainder of all his property was not given to her in express words. If he owned other real estate, it was not devised.

The codicil ratified and confirmed the provisions of the will and purported to give her all property, both real and personal, " for her sole use and benefit with full power and authority to dispose of sell and convey the same." Again we have an absolute gift. Then follows the clause by which it is claimed the absolute devise of the dwelling house is cut down to a life estate with remainder over to a niece. There is no mention of life estate in definite words, and we must rely on inferences from obscure language to establish an intent to take title of the home from the wife and give it to a collateral. Evidently the estate of the testator was small, and this would seem an unnatural thing for him to do.

The surrounding circumstances indicate that eight years prior to his death the testator, with apparent deliberation, prepared a will providing for his wife. This will, together with the codicil, it appears was executed on December 15, 1904. We are not advised of the exact date of testator's death, but it is said that he died " on or about the year 1904." We may assume then that the codicil was prepared in greater haste. It may be that the expression " on the demise of my said wife " was a phrase borrowed from some legal form, indicating the demise during the lifetime of the testator. But it is unnecessary to speculate on the meaning of words used subsequent to those of absolute gift, where the general intent is so clear and the purpose a natural one. If such provisions are repugnant to and inconsistent with the clear and decisive terms theretofore used, they are void. (*Campbell* v. *Beaumont*, 91 N. Y. 464.)

I vote for affirmance.

Order reversed on the law, with ten dollars costs and disbursements against the respondent, and motion denied, with ten dollars costs, with leave to defendants to answer within twenty days upon payment of such costs.