denying a motion, by respondent, to compel the appellant to proceed to arbitration and granted said motion. The parties hereto had entered into a written contract for the purchase and sale of goods containing a clause providing that " any dispute arising under this agreement shall be settled by arbitration." The purchaser claimed that the seller had failed to deliver the required amount of goods, while the seller contended that delivery was in accordance with the precise terms of the contract.

*Howard C. Kelly* for appellant.

*William F. Cogswell* and *Andrew B. Shea* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Application of WILLIAM T. FRECH, Appellant, for the Appointment of Successor Trustees under the Will of JOHN J. FRECH, Deceased.

HENRY H. FRECH, Respondent.

*Decedent's estate — trustees — appointment of successor trustees to sell real estate after death of life beneficiary properly denied.*

*Matter of Frech*, 220 App. Div. 126, affirmed.

(Argued October 5, 1927; decided October 25, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 18, 1927, which reversed a decree of the New York County Surrogate's Court in so far as it appointed successor trustees under the will of John J. Frech, deceased, to sell real estate and pay over the proceeds. The respondent herein objected to the appointment of successor trustees on the ground that the will provided for a sale only by the original trustee and that the corpus of the estate was in the remaindermen subject only to the interest of the life beneficiary who had died, and hence no necessity or authority existed for the appointment of successor trustees.

Prepared by State Reporter from Appeal Papers

*Walter A. Fullerton, C. B. Petchtle* and *William F. Carell* for appellant.

*A. F. Walsh* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of PARKER NEWHALL, Respondent, against ROYAL INDEMNITY COMPANY, Appellant.

*Contract — arbitration — indemnity bond containing arbitration clause — ordered that arbitration proceed.*

*Matter of Newhall* v. *Royal Indemnity Co.*, 221 App. Div. 803, affirmed.

(Argued October 5, 1927; decided October 25, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 13, 1927, which affirmed an order of Special Term granting a motion to compel the appellant herein to proceed to arbitrate certain differences arising out of a bond issued by it in favor of the Apple Growers Association of Hood River, Oregon, purporting to indemnify said association against loss caused by fraud or dishonesty of an employee. The bond provided that in the event of any differences arising the insured should have the right to have the matter submitted to arbitrators.

*Cornelius O. Donahue, William E. Lyons* and *Barnett Cohen* for appellant.

*Stewart Maurice* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.