In the Matter of the Probate of the Last Will and Testament of ROBERT L. JAYCOX, Deceased.

BERTA M. BARROWS WHITE, as Executrix, etc., of ROBERT L. JAYCOX, Deceased, and ARTHUR F. CURTIS, as Special Guardian, etc., Appellants, Respondents; JOHN L. JAYCOX, Respondent, Appellant.

Third Department, June 30, 1931.

*Vincent N. Elwood,* for the executrix, Berta M. Barrows White.

*Arthur F. Curtis,* for Audrey Barrows and others, infants.

*Vere H. Multer,* for John L. Jaycox.

WHITMYER, J. The construction of the will of the deceased is the sole question. It was admitted to probate without objection. Thereafter proceedings were instituted to revoke probate and it was stipulated in open court by all of the parties that the court should construe it.

The surrogate then decided that the life use of all of the property was vested in the widow, with the right to invade principal, if necessary, but that the will was void otherwise, because it did not dispose of the principal, and the estates thereby created, or attempted to be, were unduly suspended.

Testator died on March 25, 1930. He had drawn the will, prepared by himself, on January 7, 1921. It presents some difficulties. The clauses to be construed are as follows:

" I hereby give and bequeath to my wife May R. Jaycox the Interest on all of my property both real & Personal and if necessary she can use as much of the principal as may be necessary for her comfort of Life, at the time of my wife's death and all her funeral expenses and her Just debts are paid, I give to my son John L. Jaycox one half of the Interest on all of my property, and to continue during his life and the same thereafter to be paid to his Lawful heirs if any.

" Next I give ¼ one fourth of the Interest of my property to Bertia M. Barrows, and my sister Mrs. M. E. Haud, share & share alike the same to continue during thier life time and the same to then continue to thier Lawful heirs, if any.

" Next I give the other ¼ one fourth of the Interest of my property to Edith Thomas Ervin Barrows Henry Barrows and, Albert Barrows share & share alike the same to continue during thier Life time and the same to continue to thier Lawful heirs."

Berta M. Barrows, now Berta M. Barrows White, a stepdaughter, was named executrix. The estate amounts to about $30,000.

The intention of the testator is the basic question in the construction of his will and must be followed, if it is ascertainable and does not contravene the statutes relating to the disposition of property.

Effect should be given to every part of a will. (*Matter of Briggs,* 180 App. Div. 753, 756; *Matter of Frech,* 220 id. 126, 127; affd., 246 N. Y. 552; *Callahan* v. *Volke,* 220 App. Div. 379, 383.)

Where two interpretations are possible, the one in favor of the validity of the will should be adopted. (*Seitz* v. *Faversham,* 205 N. Y. 197, 202; *Matter of Gallien,* 247 id. 195, 200; *Matter of Craw-*

*ford,* 220 App. Div. 313, 316.) Intestacy should be avoided, if possible. The presumption against it is strong. (*West* v. *West,* 215 App. Div. 285, 287.)

Testator gave to his wife, during her life, " the Interest on all " of his property, with the right, if necessary, to use as much of the principal as might be necessary for her comfort. That is the only time he uses the word " principal." The subsequent provisions make it clear that he intended to give her a life estate. No question is raised about the gift to her. Then he directed that her debts and funeral expenses were to be paid at her death.

While the right to invade principal terminated at her death, the provision for the payment out of his estate of her debts and funeral expenses was valid. (*Matter of Van Zandt,* 231 App. Div. 381, 384.)

The word " interest " does not mean " income " necessarily, but may mean, according to Webster's New International Dictionary, " a right, title, share or participation in a thing," and that definition precedes the other.

Following the provision for his wife, he divided his estate into parts, giving " one-half of the Interest on all " to his son, " to continue during his life and the same thereafter to be paid to his Lawful heirs if any."

" Interest on " is used in the sense of " interest in " and, as intended, he gave him the one-half of his property during his life and directed that it should then go to his lawful heirs. That is confirmed by the use of the words " paid " and " Lawful heirs." He gave a life estate in all to his wife, a life estate in one-half to his son, and then gave that one-half to his son's lawful heirs absolutely. Then he gave " one-fourth of the Interest " thereof to a stepdaughter, who is the executrix, and to a sister, " share & share alike the same to continue during thier life time and the same to then continue to thier Lawful heirs, if any."

Here he uses the expression " interest of " in the sense of " interest in," meaning the one-fourth of the " right, title or share " therein. The division between the devisees was to be " share & share alike " for their lives, " and the same to then continue to thier Lawful heirs, if any." The word " same " refers to the " right, title or share." If the words " to then continue to thier Lawful heirs " refer to that same share or portion, we are confronted with the objection that the provision is for a longer time than the continuance of two lives in being.

But it is the intransitive verb which is used, meaning " to remain, to abide, to stay, to be permanent," and, in connection with the use of the words " Lawful heirs," indicates that the testator intended that the shares given to said devisees should go to the lawful heirs of each, in fee, at the death of each of them.

So with the "other one-fourth," given to other stepchildren during their lives and then to their lawful heirs.

The will does not contain a residuary clause, indicating that the testator thought that he was disposing of his entire estate.

Such an interpretation will prevent intestacy as to any part of the estate and is not forced.

The decree should be reversed so far as it was adjudged that "as to all property remaining after the termination of the life estate of said widow, May R. Jaycox, the testator died intestate," and should be modified to conform with this opinion, with costs to the parties filing briefs to be paid out of the estate.

All concur.

Decree reversed on the law, so far as it adjudged that "as to all property remaining after the termination of the life estate of said widow, May R. Jaycox, the testator died intestate," and modified to conform with the opinion, and as so modified affirmed, with costs to all parties filing briefs payable out of the estate.