In the Matter of the Estate of HENRIETTA M. VAN BRUNT, Deceased.

Surrogate's Court, Kings County, April 20, 1936.

*D. Curtis Robertson,* for Curtis Robertson and Charles C. Steiner, as executors.

*Ward & Palzer* [*Edward W. Scully* of counsel], for Mildred M. Wittmer, as administratrix of Margaret T. Whearty, a legatee.

*Frederick W. Marquand,* for Fannie Stockton and Charles Stockton, Jr., legatees.

*Coombs & Wilson,* for the Industrial Home for the Blind, legatee.

*Barry, Wainwright, Thacher & Symmers* [*Howard D. Nichols* of counsel], for the American Society for the Prevention of Cruelty to Animals and the American Humane Society, legatees.

*Cadwalader, Wickersham & Taft* [*G. Forest Butterworth, Jr.,* and *John F. Van Deren* of counsel], for the Bide-a-Wee Home Association, Inc., legatee.

WINGATE, S. Consonant with the primary principle of testamentary interpretation that the wish of a decedent in so far as it may be ascertainable from the directions incorporated in his will, is to be effectuated, it has uniformly been decided that questions of preference and abatement are determinable in accordance with the expressed or reasonably inferable desires of the testator. (*Matter of Crouse*, 244 N. Y. 400, 404; *Matter of Morris*, 227 id. 141, 144; *Matter of Frankenheimer*, 195 id. 346; *Orton* v. *Orton*, 3 Abb. Ct. App. Dec. 411, 415; *Wechsler* v. *Drey*, 203 App. Div. 692; *Matter of Lloyd*, 166 id. 1, 7; *Morse* v. *Tilden*, 74 id. 132, 136; *Matter of Smallman*, 138 Misc. 889, 892; *Matter of Dooley*, 154 id. 743, 744.)

In the will at bar the testatrix obviously intended to give positive directions of this nature, and the question for determination is her degree of success in this regard. In seeking its solution, the document must, of course, be studied in its entirety. (*Matter of Corlies*, 150 Misc. 596, 599; affd., 242 App. Div. 703; *Matter of Weil*, 151 Misc. 841, 844; affd., 245 App. Div. 822; *Matter of Stutzer*, 155 Misc. 301, 304.)

By the second item of the will the testatrix bequeathed two sums aggregating $2,000 for the perpetual care of her burial plot and the grave of her husband.

The third reads in part as follows:

" Inasmuch as the value of my estate is subject to fluctuation, it is deemed advisable to express the amounts which the various legatees shall receive in percentage figures, specifying, however, that the amount to be received by an individual legatee shall not exceed a certain amount. I therefore give and bequeath: —

" 1. To Kenilworth Baptist Church * * * $6\frac{1}{4}$ % of my net estate, but said sum in any event shall not exceed * * * $5,000."

Following, are five additional subparagraphs in identical form and content except for the names of the charitable legatees and the figures of percentage and amount. These are:

2. Children's Home of the Long Island Baptist Association Brooklyn Baptist Orphanage, two and one-half per cent, $2,000.

3. American Society for Prevention of Cruelty to Animals, two and one-half per cent, $2,000.

4. Bide-a-Wee Association, Inc., for Friendless Animals, two and one-half per cent, $2,000.

5. American Humane Association, two and one-half per cent, $2,000.

6. Industrial Home for the Blind, two and one-half per cent, $2,000.

The will then continues:

"*Fourth*. I give and bequeath to those of the following living at the time of my death:—

"1. To Lillian Decevee Bedell * * * $1\frac{1}{4}\%$ of my net estate, not to exceed the sum of $1,000, and also my sterling silver coffee pot and three sterling silver table spoons."

Then follow thirteen additional subparagraphs, all but one of which bequeath to a named person a specified "percentage of my net estate, not to exceed" a stated sum. Subdivision 1 of this item is illustrative of all except that to subdivision 5, which contains a bequest to Charles C. Steiner of twelve and one-half per cent of the net estate "not to exceed the sum of $10,000," to which is appended the following: "Paragraph 'Eighth' of this Will is intended to govern this legacy."

By the fifth item all of testatrix's personal belongings other than those theretofore "specifically disposed of," are given to Charles E. Steiner. The sixth directs the payment of taxes out of the residuary estate and the seventh leaves the residue to Mr. Steiner and recites that no provision has been made for certain named relatives.

The eighth item is the one which has given rise to the present controversy. It reads:

"If, for any reason, my estate should be insufficient to approximate the amounts set forth in the provisions of this Will, it is my wish that preference shall be given to the legacies to The Green Wood Cemetery for the care of my plot and for the care of the plot of my husband, and also to religious and charitable corporations mentioned in paragraphs Second and Third hereof.

"I further direct that the legacy bequeathed to Charles C. Steiner shall be given preference after those designated in paragraphs Second and Third and that if my remaining estate is not sufficient to pay the amounts bequeathed, he shall receive the sum of * * * $10,000 * * *. If my net estate is more than sufficient to pay such legacies, then he shall receive in addition thereto the residuary estate devised and bequeathed under paragraphs designated Fifth and Seventh hereof."

It is earnestly contended on behalf of those named in item fourth that the provisions of item eighth are contradictory of, and irreconcilable with, the previous directions of the will, that they are ambiguous, whereas the language of the earlier gifts is clear, and that consequently the familiar canon of construction should be applied that an unambiguous direction in one part of a will is not to be circumscribed by a subsequent one which is not equally clear. This is unquestionably a well-established rule of testamentary interpretation (*Matter of Rossiter*, 134 Misc. 837, 840; affd.,

229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Stulman*, 146 Misc. 861, 877; *Matter of Burroughs*, 155 id. 237, 240), but is merely one of many canons of construction, none of which are applicable unless a clear conception of the testamentary wish is unattainable from the language of the instrument itself. (*Matter of Rooker*, 248 N. Y. 361, 364; *Matter of Weissman*, 137 Misc. 113, 114; affd. on opinion of this court, 232 App. Div. 698; *Matter of McCafferty*, 142 Misc. 371, 376; *Matter of Morningstar*, 143 id. 620, 622.)

It follows, therefore, that the first effort in the interpretative process must be to ascertain whether a clear conception of what the testatrix intended is attainable from the language used and whether it is possible to harmonize the various dispositive directions (*Trustees, etc., of Auburn* v. *Kellogg*, 16 N. Y. 83, 86; *Eidt* v. *Eidt*, 203 id. 325, 328; *Livingston* v. *Ward*, 247 id. 97, 106; *Matter of Frech*, 220 App. Div. 126, 129; affd., 246 N. Y. 552; *Callahan* v. *Volke*, 220 App. Div. 379, 384; *Lynch* v. *Pendergast*, 67 Barb. 501, 506), effect, so far as possible, being given to all words employed. (*Matter of Buechner*, 226 N. Y. 440, 443; *Fleischman* v. *Furgueson*, 223 id. 235, 239; *Matter of Corlies*, 150 Misc. 596, 600; affd., 242 App. Div. 703.)

The attack on the eighth item is centered on the fact that the stated condition for the operation of the preference is that of the estate being " insufficient to approximate the amounts set forth," and the fact that the express gifts in the various subdivisions of items third and fourth being only of specified percentages, the purported grant of a preference would not actually produce such a result since the particular preferred legatees, by an exact effectuation of their gifts, would receive only the proportionably reduced amounts.

That the testatrix intended a preference over the other legatees, of the gifts to the Green Wood Cemetery, the charities named in item third and to Mr. Steiner, is indisputable, since she has expressly so stated in language which is unmistakable. The sole question, therefore, is as to the extent of the preferred payments which she wished. Obviously the three sets of preferred gifts, while possessing relative grades of priority among themselves, occupy the same relationship as a class to the other, deferred legacies, whose benefits are expressly deferred to them. Since the various portions of the testatrix's testamentary plan for preferences are, therefore, parts of an integral entirety, it must follow that any clarification of her intent in respect to the effectuation of her wish for preference, which is expressed in regard to one of the preferred gifts, is illuminative of her purpose respecting all.

Such clarification is found in a combination of the directions of subdivision 5 of item fourth with the second paragraph of item eighth. When these are joined, the composite result demonstrates the intent of the testatrix that the preferential amount to be received by Mr. Steiner is the same $10,000 which in subdivision 5 was specified as the maximum amount of his gift.

With this direct clarification of intention by the testatrix herself, in respect to one of the preferred gifts, the same desire is reasonably imputable in respect to the charitable gifts under item third, since all are *in pari materia.*

The logical construction of the will in its entirety is, therefore, that if testatrix's distributable estate amounted to the $80,000 which the account indicates, its gross amount " approximated " (the actual figures shown are $80,156.37), each pecuniary legatee would have received the precise sum specified in the particular subparagraph in which he was mentioned, which obviously indicated the primary desire of the testatrix respecting the bounty receivable by him. So long as the distributable sum remained at " approximately " this figure, the testatrix wished the ratio of benefits to remain the same; but since she apprehended that this approximation might be incapable of consummation, she directed, as noted, that " if, for any reason, my estate should be insufficient to *approximate* the amounts set forth," which indicated her primary wish, that preference should be accorded in the order specified.

The precise point at which the specified condition for preference would become operative might be difficult of abstract determination. It may, however, be stated with confidence that the figures of the present account are such as to indicate that the estate is " insufficient to approximate the amounts set forth in the provisions of this will " since they demonstrate that, on a *pro rata* basis, less than sixty cents on the dollar can be paid on the legacies as a whole.

In this situation, on the interpretation of the will heretofore attained, sums will first be paid to the legatees named in the second and third items of the will aggregating $17,000. Then $10,000 will be paid to Charles C. Steiner under subdivision 5 of item fourth.

This exhausts the express preferential directions of the will, and supplies one of the recognized but rare examples of the rule that preference may be given to general over specific gifts if such is the express testamentary wish. (*Shethar* v. *Sherman,* 65 How. Pr. 9, 14; *Matter of Smallman,* 138 Misc. 889, 895.) The gift in item fifth of all of testatrix's personal belongings other than those bequeathed in previous items is clearly a specific gift. (*Matter of Baker,* 146 Misc. 437, 439; *Matter of Anable,* 139 id. 914, 917;

*Matter of Freeman,* Id. 301, 302, 304; *Matter of Smallman,* 138 id. 889, 903.) By the express directions of the second paragraph of item eighth its effectiveness was conditioned on the prior solution in full of the general legacies given in item fourth. Similarly the solution of gifts of specific items in several of the subparagraphs of item fourth was subordinated to the general legacies under items second and third. It follows, therefore, that after the satisfaction of the last mentioned, delivery will next be made of the specific articles bequeathed under item fourth and any balance of the estate will be prorated among the other legatees under item fourth.

Nothing will pass to Mr. Steiner by way of residuary distribution, both by reason of the expressed intention of the testatrix in item eighth and by reason of the imputed intention for a subjection of residuary realty to general legacy payments indicated by the provisions of item sixth. (*Matter of Lilienthal,* 139 Misc. 225, 236; *Matter of McEvoy,* Id. 349, 351; *Matter of McKeogh,* 151 id. 327, 328; *Matter of Tiffany,* 157 id. 873, 903.)

Proceed accordingly.